Estate of Joshua Hoopes, deceased. Appeal of Samuel H. Hoopes, Administrator of Sarah Hoopes, deceased.

*Will—Issue devisavit vel non—Death of party—Final decree—Register of wills.*

The register of wills has no jurisdiction to open a final decree entered by the orphans' court admitting a will to probate.

It is no ground for setting aside a final decree of the orphans' court admitting a will to probate, that one of the parties, represented by counsel, in the issue devisavit vel non, died before the decree was entered, and that her death was not suggested of record, nor her representatives substituted in the proceeding.

Argued March 1, 1898. Appeal, No. 43, Jan. T., 1898, by Samuel H. Hoopes, administrator et al., from decree of O. C. Chester Co., dismissing petition to open a decree admitting a will to probate. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Petition to open a decree refusing to probate the will of Joshua Hoopes, deceased.

The petition averred as follows:

Joshua Hoopes, late of West Goshen township, in said county, died on or about the       day of September, 1894, leaving a will dated June 28, 1892.

Among other things in said will he left one eighteenth of his estate to the widow and children of Lewis Hoopes, or the survivors of them. That said Lewis Hoopes died on the     day of     18     leaving to survive him his widow (Sarah Hoopes), one son (Lewis G. Hoopes) and two daughters (Mary E. Sparks and Sarah C. Chadwick) and two grandchildren (Ida Kinsman and Eda Hicklin), daughters of a deceased daughter (Estherline Broadhurst), who died in November, 1874; the said Sarah Hoopes, who was the mother of said children and grandmother of said grandchidren, died on or about January 18, 1895, intestate, and without any estate except her interest in the estate of said Joshua Hoopes, deceased, under and by virtue of his said will. No letters of administration were ever granted in her estate in Terre Haute, Indiana, where she died, and on August 26, 1897, letters of administration were for the first time granted in the estate of said Sarah Hoopes, deceased, to your petitioner; on February 22, 1897, Ida Kinsman and Eda Hicklin, the aforesaid grandchildren of said Sarah Hoopes, deceased, filed a petition asking the register of wills to probate said will of Joshua Hoopes, deceased, for reasons set forth in said petition which the petitioner is informed and believes to be true; among other things in the answer to said petition the other side set out as follows: "The only party that would have standing to ask for the probate of said will . . . . would be her (Sarah Hoopes') administrator or her executor and not her heirs;" subsequently the court of Chester county decided, in an opinion filed in the orphans' court, that said petitioners were not the proper parties to ask for the probate of said will. The petitioner, therefore, showing by the admission of the other side that he, as administrator of said Sarah Hoopes, deceased, is the proper person to ask for the probate of said will of Joshua Hoopes, deceased, respectfully requests the register of wills to open the decree heretofore made and probate said will for the following reasons:

1. The decree of the orphans' court of Chester county, filed on January 6, 1896, deciding that said will was invalid, is void for want of jurisdiction, because the said Sarah Hoopes, now deceased, was never heard in the contest over said will, and never had any notice served on her by direction of either the orphans' court of Chester county or the register of wills of said

county, that the probate of said will was ever contested or to be contested prior to the rendering of said decree on January 6, 1896, and the subsequent affirmance of it by the Supreme Court in March, 1896.

2. The said Sarah Hoopes died before the hearings in said contest were terminated and the record in said contest shows that neither the said grandchildren of said Sarah Hoopes, deceased, nor her administrator were ever made parties to said contest.

3. The said grandchildren and the administrator of said Sarah Hoopes were never notified by legal process of said contest and were never heard in said contest.

4. The estate of said Sarah Hoopes, deceased, is entitled to receive one fourth of the legacy left by said will to the widow and children of said Lewis Hoopes, deceased, and of said estate of Sarah Hoopes, deceased, the said grandchildren are entitled to receive one fourth.

The following answer was filed:

Henry L. Brinton, one of the administrators of Joshua Hoopes, deceased, and an heir of said decedent, on behalf of himself and of the other heirs of the said Joshua Hoopes, deceased, in answer to the petition of Samuel H. Hoopes, administrator of Sarah Hoopes, deceased, to open the decree refusing the probate of a paper writing purporting to be the last will and testament of the said Joshua Hoopes, deceased, says:

That the said Joshua Hoopes died September 14, 1894.

That W. S. Harris, alleging that he was the executor of, and a legatee under, a certain paper writing dated June 28, 1892, alleged to be the last will and testament of the said Joshua Hoopes, deceased, presented said paper writing to the register of wills of Chester county for probate as the last will of said decedent, and requested the appointment of an orphans' court for a decision thereof.

In compliance with said request, the register, on October 19, 1894, appointed an orphans' court, and on December 17, 1894, the said orphans' court was held and a hearing had in the matter of the probate of said paper writing, at which hearing W. S. Harris, a member of the bar of the county of Chester, appeared for all the legatees under said alleged will, except the Marshall Walters legatees, and at said hearing Wm. T. Barber, Esq., appeared for said Marshall Walters legatees.

That in said alleged will Sarah Hoopes appeared as a legatee and was, at the time of the death of the said Joshua Hoopes, deceased, and at the time of the hearing by said orphans' court, in full life.

That after several hearings were had in said matter by said court, on January 6, 1896, said court filed an opinion, finding that the said Joshua Hoopes at the time of the making and execution of said paper writing had not testamentary capacity, whereupon the probate of said paper writing was refused, and from the decree entered in the premises by said orphans' court of Chester county an appeal was taken to the Supreme Court of the state of Pennsylvania. Said Court, on March 16, 1896, affirmed said decree and dismissed said appeal at the cost of the appellants.

That the affirmance of said decree by the Supreme Court of the state of Pennsylvania was final and conclusive upon all parties in interest, and especially upon the said Sarah Hoopes, and the said Samuel H. Hoopes, the present petitioner, as administrator of the said Sarah Hoopes, deceased, cannot be heard to question said decree.

I therefore ask that the petition of the said Samuel H. Hoopes, administrator as aforesaid, be dismissed.

The court in an opinion by HEMPHILL, J., remitted the record to the register of wills with directions to dismiss the petition for want of jurisdiction.

*Error assigned* was decree of the court.

*W. S. Harris*, for appellant, cited on the question of jurisdiction : Miller's Est., 159 Pa. 562; Taylor v. Hoyt, 15 Atl. Rep. 893; Black on Constitutional Law, 425 ; Frankel v. Satterfield, 19 Atl. Rep. 902; R. R. v. Hamilton, 127 Pa. 1; Wall v. Wall, 123 Pa. 545; Galpin v. Page, 18 Wall. 350.

*Alfred P. Reid*, with him *J. Frank E. Hause* and *Thomas W. Peirce*, for appellees, cited Hambleton v. Yocum, 108 Pa. 304; Cochran v. Young, 104 Pa. 333; Miller's Est., 166 Pa. 97.

PER CURIAM, March 21, 1898 :

The proceeding which led up to this appeal was inaugurated by petition of Samuel Hoopes, administrator of Sarah Hoopes,

deceased, to the register of wills praying him, for reasons therein
set forth, to open the decree theretofore made by the orphans'
court under which the will of Joshua Hoopes was admitted to
probate. Without assuming to take further action in the mat-
ter, the register certified certain questions to the orphans' court
for its determination, one of which was: "4. Was the admin-
istrator of Sarah Hoopes, deceased, concluded by said decree of
the orphans' court filed January 6, 1896?" The decree thus
referred to was entered in a proceeding to which Sarah Hoopes,
the petitioner's intestate, appears to have been a party, repre-
sented by same counsel that appears here for the petitioner.
The record shows that W. T. Barber, Esq., entered his appear-
ance for the Marshall Walters legatees, and W. S. Harris, "for
all the legatees under the will except the Marshall Walters lega-
tees." It is alleged that Sarah Hoopes died before decree, and
that her death was not suggested, etc. That no suggestion of
her death and substitution of her personal representative were
made, was not the fault of the court. It was rather the duty
of counsel who undertook to represent her to see that it was
done. The court, unadvised as to her death, proceeded to final
decree as though all the legatees were living and represented
by counsel, as they were pending the earlier stage of the pro-
ceeding. In such circumstances, no advantage can be taken of
the failure to suggest death and have substitution made.

Aside from this, however, it is quite clear that the register
of wills had no jurisdiction to open the decree referred to in
appellant's petition, and hence there was no error in remitting
the record to him with instructions to dismiss the petition for
want of jurisdiction. There was nothing in the record that
requires further notice.

Decree affirmed and appeal dismissed at appellant's costs.